Filed 5/17/24  P. v. Torres CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW ROBERT TORRES,<br><br>    Defendant and Appellant. | 2d Crim. No. B331898<br>(Super. Ct. No. 1496645)<br>(Santa Barbara County) |

Matthew Robert Torres broke into the victim's apartment at night and orally copulated two minor children.  A third amended information charged Torres in count 1 with residential burglary (Pen. Code,[1] § 459) with an allegation that others were present (§ 667.5, subd. (c)(21)); in count 2 with forcible lewd acts on a child (§ 288, subd. (b)(1)); in counts 3 and 4 with lewd acts (§ 288, subd. (a)); in count 5 with oral copulation with a child under 14 years (former § 288a, subd. (c)(1); see § 287, subd.

_____

[1] All statutory references are to the Penal Code.

(c)(1))[2]; and in count 6 with oral copulation with a child under 10 years (§ 288.7, subd. (b)).  As to counts 2 through 5, the information alleged multiple victims, and the offenses were committed during a first-degree burglary (§ 667.61, subds. (a), (e)(4), (j)(1)-(2)).

Following a trial, the jury convicted Torres of all the charges and found the allegations true.

The trial court sentenced Torres to a total term of life without the possibility of parole, plus 50 years to life.  The court imposed, and stayed under Penal Code section 654, the midterm of four years for the burglary.  The court next imposed life without the possibility of parole for the lewd acts charged in count 2.  As for the lewd acts charged in counts 3 and 4, the court imposed a consecutive 25 years to life.  The court imposed and stayed a midterm sentence of six years for the oral copulation offense charged in count 5.  Finally, the court imposed a concurrent 15 years to life term for the oral copulation offense charged in count 6.

At sentencing, the trial court stated that the sentence was mandatory, but it was too harsh and too long.  We remanded the matter to the trial court to determine whether the sentence violates the Eighth Amendment's ban on cruel and unusual punishment.  (*People v. Torres* (April 19, 2021, B298408) [nonpub. opn.].)  On remand, the trial court found that considering Torres's long criminal record and his inability to reform his behavior, the sentence was warranted and did not

---

[2] Effective January 1, 2019, the Legislature amended and renumbered section 288a to section 287.  (Stats. 2018, ch. 423, § 49.)

violate the Eighth Amendment. The court reimposed the same sentence.

We appointed counsel to represent Torres in this appeal. After counsel's examination of the record, counsel filed an opening brief raising no issues.

On March 27, 2024, we advised Torres by mail that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal. We have received no reply.

We have reviewed the entire record and are satisfied that Torres's attorney has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.
NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


BALTODANO, J.

3

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.